*581 OPINION.
Lansdon :
In this controversy the respondent contends that interest on the notes in question ivas income to the petitioner and that the payment of such interest to the wife, Marguerite P. Burns, was no more than periodically recurring gifts of income by the recipient thereof. He bases this conclusion on two alternative contentions: (1) That by the terms of the partnership agreement no partner could dispose of any part of his interest in the partnership without the consent of the remaining partners and upon the fact that the receipt evidencing the amounts left in the business of the partnership expressly states that it is a nonnegotiable receipt, and (2) that the principal amounts left in the business by the petitioner were in fact additional contributions of capital.
In support of his position the respondent cites not only that part of the partnership agreement which provides that certain percentages of the distributive net earnings shall be loaned to the firm by the distributees, but also article 13 of the agreement, which is as follows: •
During the existence of the copartnership, no partner shall in any wise or to any extent assign, transfer or encumber any of his interest whatever in the copartnership or in the copartnership property, without the consent in writing *582 of the other partners, and no person or concern whatever can acquire any rights in or any lien upon any interest without such consent.
It is obvious that if the principal amounts in question were loans to the partnership, article 13 of the agreement has no bearing on the issue here, since the evidences of loans made to the partnership are not interests therein, but are obligations or liabilities thereof and the property of the partners to whom they are given. We think it is also equally clear that the statement thereon that the evidence of the loan is a nonnegotiable receipt has no bearing on the merits of this controversy. The petitioner transferred such evidences of the loan to his wife. Since the interest on such transferred obligations was paid by the partnership directly to the wife, it must be presumed that the other partners not only knew of the transfer of the paper alleged to be nonnegotiable, but consented thereto. This being true, the Commissioner as a third party and a stranger to the transaction may not take advantage of a provision that has been waived by all the parties in interest.
The receipts for money left in the business by the petitioner were his property and, the other parties in interest consenting, he transferred them to his wife in part payment of the debt which he owed to her. The endorsement was regular and for value, and the evidence establishes delivery to the wife of the receipts or notes and payment by the partnership of the .interest to her as it accrued. In our opinion the amounts in question were not additional capital contributions but were loans by the petitioner to the partnership. The petitioner transferred such loans to his wife, and the interest thereon was not income to him in the taxable years.
Reviewed by the Board.

Decision will be entered for the 'petitioner.